Raphael Janove (SBN 361193)
raphael@janove.law
JANOVE PLLC
115 Broadway, 5th Fl.
New York, NY 10006
Telephone: (646) 347-3940

Liana Vitale (SBN 348772)
liana@janove.law
JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

Elizabeth Aniskevich (admitted *pro hac vice*)
eaniskevich@singletonschreiber.com
Jennifer Yadoo (admitted *pro hac vice*)
jyadoo@singletonschreiber.com
Ryan Crosswell (admitted *pro hac vice*)
rcrosswell@singletonschreiber.com
SINGLETON SCHREIBER, LLP
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001
Telephone: (619) 771-3473

Anna Haac (admitted *pro hac vice*)
anna@haaclaw.com
HAAC LAW, LLC
11810 Grand Park Ave., Suite 500
North Bethesda, MD 20852
Telephone: (240) 389-0199

*Attorneys for Plaintiff and Proposed Classes*

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HASSAN WRIGHT, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

UBER TECHNOLOGIES, INC. d/b/a Uber Eats,

*Defendant*.

Case No. 3:26-cv-7753-JD

**ADMINISTRATIVE MOTION TO EXTEND BRIEFING SCHEDULE ON MOTION TO COMPEL ARBITRATION PENDING RESOLUTION OF ARBITRATION-RELATED DISCOVERY ISSUES [CIV. L.R. 6-3, 7-11]**

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Under Civil Local Rules 6-3 and 7-11, Plaintiff respectfully requests that the Court enter an order staying the briefing schedule on Defendant Uber Technologies, Inc.'s pending motion to compel arbitration ("Motion") to afford Plaintiff the opportunity to pursue discovery related to that Motion. This approach was recently endorsed by both Judge Chen and Judge Westmore in similar circumstances. In the event this Court decides not to stay briefing, Plaintiff respectfully requests in the alternative a two-week extension of his time to respond to Uber's motion to compel arbitration.

**Procedural Background**

On July 27, 2026, Plaintiff initiated this action against Uber. Dkt. 1. Two months later, on September 25, 2026, Uber responded to the complaint by moving to compel arbitration. Dkt. 25. Although Uber's Motion portrays this as a straightforward arbitration case, Uber's lengthy dispute resolution terms—11 single-spaced pages describing the purported "arbitration agreement," plus numerous other interlocking unconscionable provisions in other sections of Uber's prolix terms and conditions, *see* Dkt. 25-1, Ex. D—establish an unusually complex dispute-resolution system. These labyrinthine provisions exhibit many of the hallmarks that have recently led numerous courts in this District and the Ninth Circuit to find dispute resolution provisions like Uber's unenforceable.

Plaintiff anticipates seeking limited discovery concerning the unconscionability of these provisions, analogous to the discovery Magistrate Judge Westmore recently ordered Uber to produce in another action that Uber is defending in this District, *Ye v. Uber Technologies, Inc.*, 26-cv-01744, Dkt. 45. The *Ye* action involves overlapping challenges to the dispute resolution provisions in Uber's terms and conditions that are the basis for Uber's pending motions to compel arbitration in both cases. *See* Declaration of Liana Roza Vitale in Support of Plaintiff's Motion to Adjust Briefing Schedule on Motion to Compel Arbitration ("Vitale Decl.") ¶ 4. Here, Plaintiff contends that similar or identical discovery would likewise be appropriate in connection with Uber's pending motion to compel arbitration in this case.

Rather than raising analogous discovery disputes again to this Court, and wasting time and resources re-litigating the same discovery issues, Plaintiff sought to initiate discussions with Uber about aligning the case schedules and the discovery in both actions. Accordingly, on September 21, 2026, four days before Uber filed its motion to compel arbitration of Plaintiff's claims, Plaintiff

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 115 Broadway, 5th Fl. New York, NY 10006 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

inquired whether Uber would agree to an extension of Plaintiff's time to oppose the motion. Counsel explained that Plaintiff sought to "pursue discovery efficiently across both cases" involving Uber's unconscionable dispute resolution provisions, and "would likely request some extension of the briefing schedule in the Wright matter regardless." Vitale Decl. ¶ 5.

Uber filed its motion to compel on September 25, 2026, without responding to Plaintiff's inquiry, and did not share its position on the extension request until September 29, 2026, in response to a follow-up message on September 27, 2026. Uber's position is that it will not agree to any extension of the briefing schedule, as a professional courtesy or otherwise. Uber explained that it does not "see a basis for Plaintiff to take additional time to respond," that Plaintiff's counsel is "quite familiar with the issues Uber raises in the MTCA, and here [Uber] see[s] no justification to extend the briefing schedule beyond what the local rules set." *See* Vitale Decl. ¶ 7. To date, Uber also has not been receptive to efforts to coordinate production of the *Ye* discovery with this case, instead signaling that Uber intends to designate such discovery as confidential pursuant to a not yet entered protective order, without explaining how the discovery Judge Westmore ordered could possibly include confidential information. *See* Vitale Decl. ¶ 9.

**Plaintiff's Proposed Schedule**

Now that Uber has filed its motion to compel arbitration and made clear that it intends to proceed in this case as if Judge Westmore's discovery order does not exist, Plaintiff intends to promptly seek discovery in this action. Plaintiff will pursue discovery along the same lines as the discovery Uber was ordered to produce by Judge Westmore in connection with Uber's motion to compel arbitration in the *Ye* matter, *i.e.* discovery related to the motion to compel arbitration and the unconscionability of the dispute resolution provisions that Uber's motion asks this Court to enforce. Vitale Decl. ¶ 8. Because Uber apparently wants to relitigate these issues, the parties will require time to go through the process of serving discovery requests, meeting and conferring, and, if necessary, a motion to compel production.

Under the current schedule, Plaintiff's opposition to the motion to compel is due on October 9, 2026, two weeks after Uber's motion to compel arbitration was filed. It would be inefficient and a waste of resources for both the parties and the Court to submit further briefing on the motion to

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
115 Broadway, 5th Fl. New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

compel now without the benefit of the Court's ruling on the impending discovery disputes, and the production of any discovery the Court may order, and then have to make supplemental submissions concerning any information uncovered in discovery.

As Judge Chen recently observed in similar circumstances, "These discovery disputes should be resolved before the briefing on the motion to compel arbitration is completed and the hearing on the motion to compel arbitration is heard." *Zigler v. Lyft*, No. 26-cv-575-EMC, Dkt. 59 at 3:2–4 (N.D. Cal. April 20, 2026) (deferring further briefing on motion to compel arbitration pending resolution of arbitration-related discovery issues). Judge Westmore also recently ruled similarly against Uber. *See Ye v. Uber Technologies, Inc.*, 26-cv-01744, Dkt. 39 (N.D. Cal. June 24, 2026) (ordering "(a) that all further briefing on Uber's motion to compel arbitration is staying pending the Court's resolution of the arbitration-related discovery disputes; (b) that the parties submit a stipulated schedule for the completion of briefing and a hearing schedule following the Court's resolution of the dispute (and production of any discovery, if applicable").

No previous time modifications have occurred in this case, and this is Plaintiff's first request for an extension.

**CONCLUSION**

For the above reasons, Plaintiff respectfully requests the Court to order (a) that further briefing on Uber's motion to compel arbitration is stayed pending resolution of arbitration-related discovery issues; and (b) that the parties submit a stipulated schedule for the completion of briefing and a hearing once arbitration-related discovery is complete.

In the alternative, if the Court does not agree with Plaintiff that the unconscionability discovery issues should be resolved before and not simultaneously with the motion to compel arbitration briefing, Plaintiff respectfully requests that the Court grant a two-week extension of the deadline for Plaintiff's opposition to Uber's motion to compel arbitration—from October 9, 2026 to October 23, 2026.

979 Osos St., Ste. A5
San Luis Obispo, CA 93401
115 Broadway, 5th Fl.
New York, NY 10006
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103
JANOVE PLLC

DATED: September 30, 2026

Respectfully submitted,

By: /s/ Liana Roza Vitale
Liana Roza Vitale

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
115 Broadway, 5th Fl.
New York, NY 10006
Telephone: (646) 347-3940

Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

Elizabeth Aniskevich (admitted *pro hac vice*)
eaniskevich@singletonschreiber.com
Jennifer Yadoo (admitted *pro hac vice*)
jyadoo@singletonschreiber.com
Ryan Crosswell (admitted *pro hac vice*)
rcrosswell@singletonschreiber.com
SINGLETON SCHREIBER, LLP
650 Massachusetts Ave. NW, Suite 600
Washington, DC 20001
Telephone: (619) 771-3473

Anna Haac (admitted *pro hac vice*)
anna@haaclaw.com
HAAC LAW, LLC
11810 Grand Park Ave., Suite 500
North Bethesda, MD 20852
Telephone: (240) 389-0199

*Attorneys for Plaintiffs and the Proposed Classes*